**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAWNDRA L. HEATH,

              Plaintiff-Appellant,

v.

TRISTAR PRODUCTS, INC.;
ZHONGSHAN JINGUANG
HOUSEHOLD APPLIANCE
MANUFACTURE CO., LTD.,

              Defendants-Appellees.

No.   22-16543

D.C. No.
2:17-cv-02869-GMN-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 18, 2023
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Tawndra Heath appeals the district court's denial of her motions for

judgment as a matter of law and for a new trial, and its award of costs to

defendants.  We have jurisdiction under 28 U.S.C. § 1291.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in denying Heath's motion for judgment as a matter of law, or, in the alternative, for a new trial. Substantial evidence in the record supported the jury's verdict in favor of defendants, including expert testimony that Heath's injuries from the pressure cooker were consistent with a spill or splash, rather than from an explosion caused by a product defect. The jury was entitled to find this expert testimony persuasive and find that Heath was not credible. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1370–71 (9th Cir. 1987).

The district court did not err in denying Heath's motion for a new trial after defendants' counsel referenced her religious affiliation. Counsel did not reference Heath's religion to attack or support her credibility, so Rule 610 of the Federal Rules of Evidence was not implicated. Regardless, the single statement on the first day of trial that Heath is a Jehovah's Witness did not "sufficiently permeate[] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict," *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995) (citations and quotation marks omitted), so a new trial was not warranted. *See id.*

The district court did not err in instructing the jury on product misuse as an affirmative defense. Heath does not dispute that the instruction was legally correct.

2

The defense adduced evidence that Heath's misuse of the pressure cooker caused the accident, and the jury was entitled to weigh the evidence to determine if such misuse was foreseeable. *See Lee v. GNLV Corp.*, 22 P.3d 209, 212 (2001) (stating that foreseeability is "usually a[] question[] of fact for the jury"); *cf. Robinson v. G.G.C., Inc.*, 808 P.2d 522, 524–525 (Nev. 1991) (discussing foreseeable misuse in the jury instruction context).

Any error in permitting defendants to argue that the pressure cooker had been substantially altered from when the product left the manufacturer was harmless, because the jury was not instructed on a substantial alteration defense and the defense gave limited attention at closing to evidence that the pressure cooker was not in the same condition as when the defendants sold it. The defense was entitled to rebut Heath's prima facie case. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1051 (9th Cir. 1998).

After the deputy clerk ruled that the majority of the costs sought by defendants was not allowed under the local rules, the district court erred in re-taxing the full amount of costs sought by defendants in the absence of any motion by defendants to re-tax costs, and without giving Heath notice of its intent to do so. Fed. R. Civ. P. 54(d)(1); D. Nev. L.R. 54-12; *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1262 (9th Cir. 2016). We vacate the award of costs and

3

remand for the district court to reconsider the award in light of the deputy clerk's order.

The parties shall bear their own costs on appeal.

**AFFIRMED in part and VACATED AND REMANDED in part.**